United States District Court
for the
Southern District of Florida

Anthony Williams, Plaintiff,
v.
Anthony Troy Williams, and others, Defendants.

Civil Action No. 16-61202-Civ-Scola

**Order Dismissing Case**

On June 1, 2016, the Plaintiff sued the Defendants for intentional infliction of emotional distress, fraud, and identity theft. (ECF No. 1.) On June 16, 2016, in performing a preliminary examination of the record to determine if jurisdiction exists, the Court noted that although this case is captioned on the docket as a case raising a federal question, the only federal statutes cited in the complaint are banking statutes that have been repealed.

Looking to diversity jurisdiction, the Court recognized that the Plaintiff alleged that he lives in Fort Lauderdale, Florida and Defendant Anthony Troy Williams lives in Hollywood, Florida. Under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Further, the Plaintiff is also suing one hundred "John Does." Generally, the use of a fictitious party pleading device in federal court destroys diversity of citizenship under 28 U.S.C. § 1332. *McAllister v. Henderson*, 698 F. Supp. 865, 869 (N.D. Ala. 1988); *Gordon v. Autumn Village 2, LLC*, No. 08-cv-348, 2008 WL 4682249 (M. D. Ga. Oct. 21, 2008).

Because the Court was concerned about its jurisdiction in this matter, it ordered the Plaintiff to file an amended complaint by June 30, 2016 which adequately alleged the Court's subject matter jurisdiction. (ECF No. 7.) The Court warned the Plaintiff that a failure to file an amended complaint would result in dismissal. (*Id.*) The Plaintiff failed to file the required amended complaint. On August 2, 2016, the Court sent another order giving the Plaintiff until August 12, 2016 to file an amended complaint and also instructing the

Plaintiff to file proposed summons. (ECF No. 12.) The Plaintiff did not comply. Accordingly, the Court **dismisses** this case for lack of subject matter jurisdiction. The Clerk of the Court shall **close** this case.

Further, even if the Court had jurisdiction in this matter, a district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit. *Compare* Fed. R. Civ. P. 41(b) *with Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Courts are vested with this inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* The Court finds that the Plaintiff has abandoned his prosecution of this matter.

**Done and ordered** in chambers, at Miami, Florida, on August 22, 2016.

Robert N. Scola, Jr.
United States District Judge