United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Anthony Williams, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-61202-Civ-Scola |
| Anthony Troy Williams, and others, | ) |
| Defendants. | ) |

## Order Denying Motion for Reconsideration

On June 1, 2016, the Plaintiff sued the Defendants for intentional infliction of emotional distress, fraud, and identity theft. (ECF No. 1.) On June 16, 2016, in performing a preliminary examination of the record to determine if jurisdiction exists, the Court noted that although this case is captioned on the docket as a case raising a federal question, the only federal statutes cited in the complaint were banking statutes that have been repealed. (Order Requiring Am. Compl., ECF No. 7.) In addition, the Court found that diversity jurisdiction did not exist, because the Complaint alleged that both the Plaintiff and the named Defendant live in Florida. (*Id.*)

Because the Court was concerned about its jurisdiction in this matter, it ordered the Plaintiff to file an amended complaint by June 30, 2016 adequately alleging the Court's subject matter jurisdiction. (*Id.*) The Court warned the Plaintiff that a failure to file an amended complaint would result in dismissal. (*Id.*) The Plaintiff failed to file the required amended complaint. On August 2, 2016, the Court sent another order giving the Plaintiff until August 12, 2016 to file an amended complaint and also instructing the Plaintiff to file proposed summons (ECF No. 12). The Plaintiff did not comply, and, accordingly, the Court dismissed the case on August 22, 2016 for lack of subject matter jurisdiction and because the Plaintiff had abandoned his prosecution of the suit (ECF No. 14).

On March 20, 2017, the Plaintiff filed a Motion to Vacate Dismissal (ECF No. 17.) The Plaintiff asserts that he was never notified that the case would be dismissed. In addition, the Plaintiff cites to "Rule 1.420(2)(e)," arguing that the case could not be dismissed for failure to prosecute until a period of 10 months with no activity had elapsed. However, Rule 1.420 is a Florida Rule of Civil Procedure, not a Federal Rule of Civil Procedure. Thus, it is only applicable in state court proceedings. Finally, the Plaintiff asserts that the Court has subject matter jurisdiction "because both parties reside in its jurisdiction." However,

since the Plaintiff did not cite a federal statute in his Complaint, this Court can only entertain his suit if the Court has diversity jurisdiction. *See* 28 U.S.C § 1332. Since the Plaintiff asserts that both parties live in this jurisdiction, diversity jurisdiction does not exist. *Id.*

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.*

Since the Plaintiff has not demonstrated that the Court misunderstood him, has not alleged an intervening change in controlling law or the facts of the case, and has not demonstrated that there was a manifest injustice, the Court **denies** the Plaintiff's Motion for Reconsideration (**ECF No. 17**).

**Done and Ordered** in chambers, at Miami, Florida, on May 15, 2017.

Robert N. Scola, Jr.
United States District Judge