United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Anthony Williams, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-61202-Civ-Scola |
| Anthony Troy Williams, and others, | ) |
| Defendants. | ) |

### Order Denying Motion to Reopen Case

On June 1, 2016, the Plaintiff sued the Defendants for intentional infliction of emotional distress, fraud, and identity theft. (ECF No. 1.) On June 16, 2016, in performing a preliminary examination of the record to determine if jurisdiction exists, the Court noted that although this case is captioned on the docket as a case raising a federal question, the only federal statutes cited in the complaint were banking statutes that have been repealed. (Order Requiring Am. Compl., ECF No. 7.) In addition, the Court found that diversity jurisdiction did not exist, because the Complaint alleged that both the Plaintiff and the named Defendant live in Florida. (*Id.*) Notwithstanding, the Court gave the Plaintiff leave to file an amended complaint by June 30, 2016, which adequately alleged the Court's subject matter jurisdiction. (*Id.*) The Court warned the Plaintiff that a failure to file an amended complaint would result in dismissal. (*Id.*) The Plaintiff failed to file the required amended complaint. On August 2, 2016, the Court sent another order giving the Plaintiff until August 12, 2016 to file an amended complaint and also instructing the Plaintiff to file proposed summons. (ECF No. 12.) Once again, the Plaintiff did not comply. Accordingly, the Court dismissed the Plaintiff's case on August 22, 2016. (ECF No. 14.)

On March 30, 2017, the Plaintiff filed a motion to reconsider and/or vacate the Court's order dismissing the case. (ECF Nos. 17, 18.) The Court denied that motion for several reasons. (ECF No. 20.) First, the Plaintiff alleged that he and the Defendants resided in the same jurisdiction, therefore failing to cure the deficiencies in the original complaint. Second, the Plaintiff argued that reconsideration was appropriate under Rule 1.420 of Florida Rule of Civil Procedure, which is not a Federal Rule of Civil Procedure. Thus, it is only applicable in state court proceedings. Lastly, the Court found that the Plaintiff had not shown that the Court had misunderstood the Plaintiff's complaint or

the facts of the case, that there was a change in controlling case law, or that there is manifest injustice. *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). Accordingly, the Court denied the Plaintiff's motion.

The Plaintiff now seeks to reopen the case. The one-paragraph motion states "I'm requesting to have case no. 2016-cv-61202 reopened so that I can properly litigate my case. I am also requesting a copy of the complaint that I filed so I can revise it and resubmit it." (ECF No. 20.) Because the motion essentially seeks that the Court reconsider its earlier orders dismissing the case and denying reconsidering the dismissal, this Court will apply the standard for motions to reconsider. The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *Vila*, 2005 WL 6104075, at *1.

The Plaintiff has not satisfied his heavy burden. The motion asserts no facts which would explain why the Plaintiff failed to amend his original complaint. That the Plaintiff did not have a copy of the original complaint does not prevent him from filing an amended complaint by the dates ordered by this Court. Moreover, the motion is silent as to the basis for the Court's jurisdiction and thus does not attempt to cure the pleading deficiencies the Court identified in earlier orders. Nor does the Plaintiff argue that the Court misunderstood the underlying facts or law, a change in the law, or that there has been manifest injustice. For these reasons, the Plaintiff's motion to reopen the case is **denied**. **(ECF No. 81.)**

**Done and Ordered** in chambers, at Miami, Florida, on June 28, 2021.

                                                    _____
                                                    Robert N. Scola, Jr.
                                                    United States District Judge

Copies furnished to:
Anthony Williams
501602094
Okeechobee Correctional Institution
Inmate Mail/Parcels

3420 NE 168th Street
Okeechobee, FL 34972